FILED
CLERK'S OFFICE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS  PM 2: 23

Friedrich Lu, Plaintiff          )     Civil Action No 21-10516-DJC
v                                )
Boodie Ugnumba, et al, Defendants )     U.S. DISTRICT COURT
                                        DISTRICT OF MASS.

## PLAINTIFF'S **THIRD** APPLICATION TO CLERK FOR ENTRY OF DEFAULT

(1)
(a)     On July 27, 2021 the court (Denise J Casper, J) purportedly entered an electronic order denying plaintiff Friedrich Lu's June 21, 2021 *Reapplication to **Clerk** for Entry of Default* (emphasis added; This judge has persisted in interfering with clerk to perform a duty without discretion under Fed Rule Civ Proc 55(a) ("must") ).

(b)     "Purportedly" because to date, Lu has not received a copy of the order from the court (specifically from clerk's office of the court). Lu learned of the order from commercial (read: official) mirror sites of the instant case. Indeed, according to these websites, said order is not accompanied by a customary notation of clerk's office's mailing the order to Lu. Exhibit A is Lu's note to remind the deputy clerk to do her job.

(2)     Said order stated:

"Lu mailed the summons and complaint to Defendants via the United States Postal Service. D 5-1; see D 8 at 2. A plaintiff cannot complete service of process via certified or registered mail. *Payne* v *Massachusetts*, No. 09-cv-10355-PBS, 2010 WL 5583117, at *3 (D. Mass. Nov 18, 2010), report and recommendation adopted, No 09-cv-10355, 2010 WL 5583111 (D. Mass. Dec 10, 2010) (citing *Aly* v *Mohegan Council-Boy Scouts of Am*, No 08-cv-40099-FDS, 2009 WL 3299951, at *1 (D. Mass. Apr. 20, 2009)). Lu did not provide proper service of process for the additional reason that he cannot serve Defendants. Rule 4 requires that service be completed by '[a]ny person who is at least 18 years old and not a party' to the litigation. Fed Rule Civ Proc 4(c)(2); see *Payne*, 2010 WL 5583117, at *3. In this case, Lu himself mailed the summons and complaint to Defendants. D 5." (brackets original).

(a)     Lu has interacted with the present chief district judge (then district judge in 2010) F Dennis Saylor IV in a couple of cases. It is safe to say that Saylor IV, CJ is not whip-smart (not to mention being corrupt). Why cite his in the first place?

Secondly, 2009 WL 3299951

https://casetext.com/case/aly-v-mohegan-council-boy-scouts-of-america

is inapposite to the instant case. Aly acted *pro se* in commencing the civil action and serving process. Per Secretary of the Commonwealth of Massachusetthe's website, in that case defendant's official name and address was "Mohegan Council Inc, Boy Scouts of America" and "19 Harvard St, Worcester, MA." Clearly it was a domestic corporation -- distinguished from a foreign corporation and its employee Lu sues.

Thirdly, Lu does not have access to its docket, but the case did not end there. At some point, Aly hired an attorney. Defendant lost a jury verdict, whose post-trial motion was denied by district court (D.Mass.2012) 871 F.Supp.2d 19 ("On May 23, 2008, Aly filed a *pro se* complaint," *id*, at 23); and whose appeal ended in loss. (CA1 2013) 711 F.3d 34, which, of note, said, "Aly worked for the Council between August 6, 2001, and October 19, 2005, when he resigned." *Id*, at 36. Ergo, it is not as if Aly could have attempted service of process again on the defendant without leave from the court when Saylor's 2009 ruling was handed down. (The First Circuit opinion did not broach service of process.)

Casper, J's citing unpublished opinions (exemplified by not one but three Westlaw pages) imposes hardship on *pro se* litigants (such as Lu) and attorneys (solo practitioners or in group practice) alike. Subscription to Westlaw currently costs $252 to $425 a month, depending on three scopes of access. Moreover, Fed Rule App Proc 32.1 requires parties to attach a copy of unpublished opinion. Further Supreme Court's decisions do not cite "WL."

(b) Lu lacks access to the other two Westlaw pages, either. Nonetheless, 2010 WL 5583117, at *3 was recapped in then Magistrate Judge (now District Judge) Leo T Sorokin's Jan 13, 2012

*Report and Recommendation to Dismiss Complaint for Failure to Effect Service of Process*, in *Periyaswamy* v *Perot Systems Healthcare*. US Dist Ct (D.Mass.) No 11-cv-11406-PBS-LTS:

> "Fed Rule Civ Proc 4(h) [Serving (process on) a Corporation, etc] * * * 'Although the Federal Rules of Civil Procedure do not explicitly define the term 'delivery' under Rule 4(h)(1)(B), courts have determined that Rule 4 requires personal service.' *Payne* v *Massachusetts*, 2010 WL 5583117 (D.Mass.)(Dein, C.M.J.) (citing In re TFT-LCD (Flat Panel) Antitrust Litig., 2009 WL 4874872, at *2 (N.D.Cal. Oct.6, 2009) (slip op.) (citing cases))."

The above defendant was Perot Systems Healthcare, Inc, the name of which appeared in Nov 13, 2012 Memorandum and Order (granting defendant's motion to dismiss under Fed Rule Civ Proc 8(a) due to prolixity) in *Periyaswamy* v *Comcast of Massachusetts I, Inc*. US Dist Ct (D.Mass.) No 12-cv-10474-DJC. Lu can find nothing in the Web about this defendant, except a (presumably current) yellow page entry from Nashville, Tennessee for this name.

It is odd, then, that websites of neither secretary of commonwealth of Massachusetts nor secretary of state of Tennessee has any registration of Perot Systems Healthcare, Inc -- ever.

There were three other firms with similar names in the Massachusetts website: Perot Systems Healthcare Services Corp (incorporated in Delaware and principal office in Dallas, Texas), Perot Systems Healthcare Services, LLC (a Delaware LLC with principal office in Plano, Texas), and Perot Systems Healthcare Solutions, Inc (1975-2012; based in Canton, Mass).

For want of corporation information (particularly whether Perot Systems Healthcare, Inc was domestic or foreign relative to Massachusetts), Lu is clueless about whether Sorokin, MJ, made a correct ruling. After district judge's adoption of *Report and Recommendation*, the case ended (no appeal was taken, that is).

(3)     Lu's first and second application to clerk for entry of default cited not Fed Rule Civ Proc 4(h)(i)(B) but Massachusetts long arm statute -- permitted in *id*, Rule 4(h)(i)(A) ("in the manner

prescribed by Rule 4(e)(1) for serving an individual" by following state law) and (state) rule. See Lu's *Reapplication*, ¶ 3.

| | |
|---|---|
| Plaintiff: | Friedrich Lu, pro se |
| Date: | August 17, 2021 |
| Email: | chi2flu@gmail.com |
| Address: | ℅ St Francis House, PO Box 499, Lafayette Station, Boston, MA 02112 |